■ STEPHEN FIGURKA, Respondent, v. AMELIA FIGURKA, Appellant.— In an action by a husband for a divorce and for the custody of the two infant children of the marriage, the defendant wife appeals from an interloctory judgment of the Supreme Court, Kings County, entered February 17, 1960 upon the decision of the court, after a nonjury trial, dissolving the marriage by reason of her adultery and awarding to the husband the custody of the children with specified rights of visitation to the wife. Interlocutory judgment reversed on the law and the facts, without costs, amended (or supplemental) complaint, insofar as it seeks a divorce on the ground of adultery, dismissed, without costs; pursuant to the authority conferred by section 1170-a of the Civil Practice Act, the custody of the two infant children is awarded to the plaintiff husband, and the wife is granted the same visitation rights now set forth in the third and fourth decretal paragraphs of the interlocutory judgment; and final judgment

is directed to be entered accordingly, without costs. Finding of fact No. 9, insofar as it declares: (a) "that the plaintiff has not voluntarily cohabited with the defendant since" his discovery of her adultery, and (b) that the plaintiff has not "forgiven or condoned the same," is reversed; and contrary findings are hereby made. The following additional finding is also made: That, under all the circumstances, the welfare and best interests of the children require that they be placed in the custody of the father, with appropriate rights of visitation accorded to the mother. The action was commenced in August, 1958. Two acts of adultery committed on December 2, 1957 and April 24, 1959, respectively, are alleged in the amended complaint. As of trial on January 25, 1960, the parties and their two children, aged 13 and 15 years, were continuing to live in the same three-room apartment which they had occupied throughout the course of the action and the alleged adulteries. While the evidence warrants the finding of adultery made by the trial court, the finding in favor of plaintiff on the issue of condonation is against the weight of the credible evidence. Plaintiff testified that he had a cot three or four feet away from a couch on which defendant slept, whereas defendant said that the parties have been "cohabiting all along" and that they jointly occupied the couch. Plaintiff did not take the stand to testify in rebuttal. In our opinion, he failed to rebut the presumption of cohabitation arising: (a) from continued residence with the offending spouse with knowledge of her acts of adultery, and (b) from his own testimony as to the proximity of their respective sleeping places. Under all the circumstances here, plaintiff's *pro forma* denial of intercourse or cohabitation with defendant after acquiring knowledge of her adultery, has no probative force. Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.